**YOU–LIN PAN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 03–40582–ag.

United States Court of Appeals,
Second Circuit.

Feb. 21, 2007.

Joan Xie, New York, New York, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma, K. Lynn Anderson, Eleanor Darden Thompson, Assistant United States Attorneys, Oklahoma City, Oklahoma, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner You Lin Pan, a citizen of the People's Republic of China, seeks review of a order of the August 25, 2003 BIA order affirming the January 15, 2002 decision of Immigration Judge ("IJ") Seymour R. Kleinfeld denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Yu Lin Pan*, No. A77 297 797 (B.I.A. Aug. 25, 2003), *aff'g* No. A77 297 797 (Immig. Ct. N.Y. City Jan. 15, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Here, a reasonable adjudicator would not be compelled to overturn the IJ's adverse credibility determination. Significant discrepancies existed between Pan's description of his treatment by family officials in his asylum application and in his testimony before the IJ. In the former, he was warned to leave the office and did so because he was frightened. In the latter, he was beaten and thrown out. The discrepancy, which goes to the heart of his claims, constitutes substantial evidence supporting the IJ's adverse credibility determination. In addition, we agree with the IJ that Pan's explanation for the discrepancy was unsatisfactory.

■ Similarly, we agree that Pan's testimony incredibly omitted that family planning officials ordered his wife to have an IUD inserted. Once again, Pan testified inconsistently with his asylum application, where he testified that his cousin called to inform him that his girlfriend had been taken for an abortion, but where he stated in his application that his girlfriend told him of the abortion herself. Although the IJ did not explicitly reject Pan's explanation for this discrepancy, he did implicitly

reject it as he listed the inconsistency as a reason that he found it "doubtful that [Pan] testified in a truthful manner." Although we find that Pan's explanation is plausible, the evidence does not compel us to overturn the IJ's assessment that the explanation was inadequate.

 Substantial evidence also supports the IJ's finding that it was incredible for Pan to omit from his testimony information contained in a letter from his parents. In the letter, Pan's parents stated that they were forced to pay "lots of money," that cadres destroyed their home and that Pan's father was beaten. Although these events did not occur to Pan himself, they nevertheless directly relate to his claims. Finally, we find Pan's argument that the IJ's CAT analysis is insufficient to be flawed, where he relied on the same incredible testimony to support that claim.

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).